**Deborah G. SMITH, Plaintiff,**

v.

**EATON CORPORATION, Defendant.**

No. CIV–2–75–1.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 15, 1976.

**506**

Bob McD. Green, Johnson City, Tenn., for plaintiff.

Gene P. Gaby, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendant.

RULING ON OFFER OF EVIDENCE

NEESE, District Judge.

The defendant proposed as evidence herein the Federal Register of October 18, 1972, vol. 37, no. 202, pp. 22285–6, § 1910.217, revising Part 1910, Occupational Safety and Health Standards, of the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. §§ 655–657. On the basis of language of Mr. Justice Stamos in *Scott, Etc. v. Dreis & Krump Manufacturing Co.* (Ill. 1975), 26 Ill.App.3d 971, 326 N.E.2d 74, the Court sustained the plaintiff's objection thereto and now has the matter for further review and consideration.

After her latest of multiple amendments, the plaintiff Mrs. Smith now claims only the strict liability to her of the defendant Eaton Corporation (Eaton) in tort. *Inter alia,* Eaton claims that it is insulated from liability by an independent, intervening cause of this accident provided by Mrs. Smith's former employer, General Metal Fabricators, Inc. (GMF).

The threshold issue the jurors must decide herein is whether a brake installed by Eaton was defective and unreasonably dangerous to Mrs. Smith, as a user of a straight-side industrial press on which the brake was installed, when the brake left Eaton's custody in 1973. Eaton was under a nondelegable duty to produce this brake in a reasonably safe condition. *Scott v. Dreis & Krump Manufacturing Co., supra.* Eaton cannot be permitted to undertake to shift this duty to GMF. *Idem.*

However, Eaton is permitted to show by other available evidence the manner *in* which GMF modified the press involved after Eaton installed its brake thereupon. The jurors must consider whether the responsibility for the discovery of any dangerous defect, and the prevention of harm to Mrs. Smith in the use of the press, shifted from Eaton to GMF, if Eaton shows that the brake, when installed, was in a safe condition, and that the modifications on the press by GMF rendered the press harmful by the time Mrs. Smith used it. If the evidence shows that the brake, when installed, was defective and in a condition unreasonably dangerous to a user of the press on which the brake was installed when the installation was complete, then the jurors must consider also whether it was such defective and dangerous condition that caused Mrs. Smith's injuries proximately or whether it was the modifications of the press by GMF thereafter which caused Mrs. Smith's injuries proximately.

Thus, although Eaton may demonstrate in some detail the manner *in* which

GMF modified this press, it is not permitted to show, through the use of the OSHA standards, *how* GMF *should* have made those modifications. Even considering *arguendo* that the aforementioned standards provide relevant evidence on the issue mentioned, its probative value is substantially outweighed by the danger of unfair prejudice to the plaintiff, a confusion of the strict liability in tort issue, and the consequent misleading of the jurors, whose principal attention might be diverted thereby from the real issue to the collateral issue of whether GMF, which is not a party herein, followed governmental standards in accomplishing its modifications of its press.

" * * * Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. * * * " Rule 403, Federal Rules of Evidence. The Court first gave reconsideration to admitting the offered evidence of the OSHA standards with a limiting instruction as to its use by the jurors; however, much of the evidence now before the jury (and in all likelihood, much of the evidence to be presented to the jury) is technical in nature and somewhat complex. The Court concluded that, under all the circumstances, the probabilities are that such a limiting instruction might not be as effective as the Court would desire before allowing the above standards to be proved.

The Court readopts its previous ruling and hereby EXCLUDES the proferred evidence.